## Case No. 17,374.

### WELD et al. v. MAXWELL.

[4 Blatchf. 136.] [1]

Circuit Court, S. D. New York.    March 2, 1858.

CUSTOMS DUTIES — EQUIPMENTS AND APPURTENANCES OF SHIP—WHEN NOT DUTIABLE.

1. An anchor and chain cable, which is bona fide a part of the equipments and appurtenances of an American vessel, is not, on being brought by her to the United States, subject to duty, under the revenue laws of the United States.

2. If an anchor and chain cable is purchased abroad, by an American vessel, to supply the place of one which has become unseaworthy, from any cause, after the sailing of the vessel from a port of the United States, and if such purchase is made bona fide, for the use of the vessel, and not to sell it again as merchandise, and if it is used for the vessel, then it is bona fide a part of the equipments and appurtenances of the vessel, and not subject to duty, upon its being imported into the United States.

3. To be merely used as a part of the equipments and appurtenances of the vessel is not sufficient to change the character of the articles, and to convert them from goods, wares and merchandise into a portion of the vessel. They must also be bona fide such a part, under a necessity not occasioned by any fault of her master or owners in not properly equipping her originally for her voyage.

This was an action [by William F. Weld and others] against [Hugh Maxwell], collector of the port of New York, to recover back duties paid on a set of anchors and chain cables, under the following circumstances: In December, 1850, the American ship Meridian, then a new vessel, sailed from Boston to New Orleans, and thence to Liverpool, having on board a set of anchors and chain cables, as a part of her equipments. That was her first voyage. After she arrived at Liverpool, her master, by the direction of her owners, previously given, obtained there, in April, 1851, another set, consisting of four anchors and their chain cables, and the same were brought to New York in the ship, in June, 1851. Nothing had happened, during the voyage to Liverpool, to make the anchors and chain cables with which she

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

started less seaworthy than they were when she left the United States. The new set was purchased for the alleged reason that the former set was too light to hold the vessel while lying at anchor in the river Mersey. The new set continued to be used on the vessel after she brought it into the United States. The former set was also brought to New York in the vessel, and was then sent to Boston to be used on board another vessel. The collector, under the act of July 30th, 1846 (9 Stat. 42), imposed duties on the anchors and chain cables so purchased at Liverpool, as being goods, wares and merchandise imported from a foreign country into the United States. At the trial, the jury were instructed, that if the anchors and chain cables in controversy were, at the time of their arrival in the United States, bona fide a part of the equipments and appurtenances of the ship, they were not subject to duty, but that, if they were not then bona fide a part of such equipments and appurtenances, they were subject to duty; that, if they were purchased in Liverpool to supply the place of anchors and chains which had become unseaworthy from any cause, after the sailing of the vessel from a port of the United States, and if the purchase of them was made bona fide for the use of the ship, and not to sell them again as merchandise, and if they were used for the ship, then they were bona fide a part of the equipments and appurtenances of the ship, and not subject to duty, upon their being imported into the United States; and that, if they were purchased at Liverpool to supply the place of anchors and chain cables which had not become unseaworthy after the ship sailed from a port in the United States, then they were not bona fide such a part of the equipments and appurtenances of the ship as to be exempt from duty. Under these instructions, the jury found a verdict for the defendant. The plaintiffs now moved for a new trial on the ground of error in such instructions.

Almon W. Griswold, for plaintiffs.

Philip J. Joachimssen, Asst. Dist. Atty., for defendant.

INGERSOLL, District Judge. The question in this case is, whether the anchors and chain cables purchased in Liverpool were goods, wares and merchandise imported from a foreign country into the United States, within the meaning of the revenue law. If they were, then duties were rightly imposed upon them. It is insisted by the plaintiffs, that the articles in question were a part of the ship, and no more liable to the payment of duties than the vessel itself, and that, as the vessel was not liable to the payment of duties, these articles were not liable.

When the vessel sailed from Boston, she was equipped in such manner as her owners

saw fit. It was their duty to put on board of her such anchors and chains as were fitted for the voyage—such as would make her seaworthy. They equipped her with such anchors and chains as they saw fit. Nothing happened during the voyage to make them less seaworthy than they were at the time the ship sailed from the United States. If they were seaworthy for the voyage, when she sailed from the United States, they were seaworthy when she arrived at Liverpool. The anchors and chains purchased at Liverpool were procured to be used, not in aid of the old set, but in place of and in substitution for the same.

In the case of U. S. v. Chain Cable [Case No. 14,776], it was held, that if the chain cable then in question was purchased in Liverpool to supply the place of another cable, which had become unseaworthy on the voyage, and the purchase was made bona fide for the use of the ship, and not to sell as merchandise, or to be applied to a use distinct from its bona fide appropriation to the use of the ship, and if it was used for the ship on her arrival at the home port, and was bona fide an appurtenance of her, then it was such part of the equipments of the ship as was not comprehended in the terms "goods, wares and merchandise," within the meaning of the revenue laws of the United States.

After an attentive consideration of the questions presented by the motion for a new trial, in the present case, I cannot be persuaded that the plaintiffs have any legal or just cause of complaint in respect to the instructions given to the jury at the trial. That portion of the charge in which the jury were told, that if the anchors and chains in question were purchased in Liverpool to supply the place of anchors and chains which had become unseaworthy from any cause, after the sailing of the ship from a port of the United States, and if the purchase of them was made bona fide for the use of the ship, and not to sell them again as merchandise, and if they were used for the ship, then they were bona fide a part of the equipments and appurtenances of the ship, and not subject to duty, upon their being imported into the United States, was in conformity to the law as laid down in the case of U. S. v. Chain Cable [supra]. The law as thus given to the jury for their guidance is well established by authority, and there can be no sound legal exception taken to it; and the remaining portion of the charge, when examined attentively and tested by well settled principles, would seem to be as free from doubt.

The anchors and chains in question, were, at the time they were procured in Liverpool, goods, wares and merchandise. They continued to be goods, wares and merchandise up to the time they were brought to the United States, unless, subsequently to the time when they were so purchased, and prior to the time when they were so brought to the United States, they so changed their character as to cease to be goods, wares and merchandise, within the meaning of the revenue laws of the United States. They did not so change their character unless they became and were, at the time of their arrival in New York, bona fide a part of the equipments and appurtenances of the ship. To be merely used as a part of the equipments and appurtenances of the ship, was not sufficient to change their character, and to convert them from goods, wares and merchandise, into a portion of the ship. That was decided in the case of U. S. v. Chain Cable. In addition to such use, they must, in order to make them a part of the equipments and appurtenances of the ship, have been bona fide a part of such equipments and appurtenances. They could not have been bona fide a part of such equipments and appurtenances, unless a necessity existed, such as the law allows, to make them a part of such equipments and appurtenances. A necessity which the law allows is not merely a necessity dependent upon the will and discretion, and created by the act of, the master or the owners. It does not depend solely upon the bona fide motive of the master, when he purchased the goods, wares and merchandise, with the view to make them a part of the equipments and appurtenances of the ship. Such was not the necessity which existed in the case of U. S. v. Chain Cable, and which the court decided to be sufficient to convert the chain cable then in question into a part of the equipments and appurtenances of the ship. The necessity in that case was a necessity caused by no act either of commission or of omission on the part of the owners or master. It was a necessity created subsequently to the sailing of the ship from the United States, by a cause which the owners could not foresee, which they were not bound to foresee, and which, when the ship sailed on the voyage, they were not required to provide against. When that ship sailed from the United States, she was properly equipped for the voyage. By a casualty which took place subsequent to her sailing, she did not continue to be properly equipped for the voyage, and, by such casualty, she was made unseaworthy. The court decided that the master, in order to remedy the unseaworthiness, caused by such casualty, had a right to purchase, in a foreign port, goods, wares and merchandise, and bring them to the United States, as a part of the equipments and appurtenances of the ship.

If the Meridian was unseaworthy for a voyage to Liverpool, she was not made unseaworthy by any such casualty as existed in the case of the chain cable in U. S. v. Chain Cable [supra]. If she was unseaworthy in consequence of her having too

light anchors and chains for a voyage to Liverpool, such unseaworthiness existed before and at the time she sailed from the United States, and was known to her owners when she so sailed. If such unseaworthiness existed, it existed in consequence of the fault of her owners, whose duty it was to make her seaworthy for the voyage upon which she was about to sail. If a necessity existed at Liverpool, which required that she should have a new set of anchors and chains, such necessity was occasioned by the fault of her owners in not properly equipping her with a proper set of anchors and chains, fitted for the voyage upon which she sailed, and by no other necessity; and such a necessity is not sufficient, in law, so to convert the goods, wares and merchandise procured at Liverpool, into a part of the equipments and appurtenances of the ship, as to exempt them from duty, upon being brought into the United States. There can be no bona fide appropriation of goods, wares and merchandise to, the use of the ship, so as to affect the revenue laws of the United States, when the appropriation is caused, and caused solely, by the neglect of the owners, in not complying with the duty required of them by law, to make the ship seaworthy for the voyage, before the voyage is undertaken. According to the case U. S. v. Chain Cable [supra], an appropriation of the articles to the use of the ship will not make them a part of the equipments and appurtenances of the ship, unless such appropriation is a bona fide appropriation. If the ship was unseaworthy, she was so by the culpable neglect of her owners in not furnishing her, before she sailed from the United States, with proper anchors and chains for the voyage; and no culpable neglect can be said to be bona fide.

Any other construction would open a wide door for the commission of fraud upon the revenue laws of the United States. In this very case, it is claimed by the plaintiffs that the anchors and chains with which the Meridian sailed from the United States, were seaworthy for any voyage, except for a voyage to Liverpool; and that they were insufficient for that voyage, only because they were too light to hold her while at anchor in the river Mersey. Both sets of anchors and chains, the old one, and the set purchased at Liverpool, came in the ship to the United States, as a part of her equipments and appurtenances. If the new set, upon the facts in this case, are not subject to duty, then all American ships can be sent to sea on a foreign voyage without any chains and anchors, and can, while abroad, be furnished with proper and sufficient ones, to be brought to the United States duty free.

The motion for a new trial is denied.